# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: May 23, 2017

| | |
|---|---|
| * * * * * * * * * * * * <br> TRACY MOLLICA, parent, on behalf of  * <br> A.M., a minor child,                                    * <br>                                                              * <br>             Petitioner,                               * <br>                                                              * <br> v.                                                         * <br>                                                              * <br> SECRETARY OF HEALTH                   * <br> AND HUMAN SERVICES,                  * <br>                                                              * <br>             Respondent.                            * <br> * * * * * * * * * * * * | No. 15-1520v <br><br> Special Master Gowen <br><br> Attorneys' Fees and Costs; <br> Petitioner's Costs; <br> Special Master's Discretion. |

Nicholas E. Bunch, White, Getgey & Meyer, Cincinnati, OH, for petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON FEES AND COSTS[1]

On December 15, 2015, Tracy Mollica ("petitioner"), filed a petition on behalf of her minor child, A.M., for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (2012).[2] Petitioner alleged that A.M. suffered seizures and limbic encephalitis as a result of an influenza ("flu") vaccine received on December 18, 2012. On March 22, 2017, I issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision on Stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On May 18, 2017, petitioner filed a motion for fees and costs. Petitioner's Motion. She requests $7,525.35 in attorneys' fees and $648.28 in attorneys' costs, for a total request of $8,173.63 in attorneys' fees and costs. Id. at 2-3.[3] Petitioner also submitted her signed statement indicating that she personally incurred $2,938.73 in costs related to this claim. Petitioner's General Order #9 Statement.

On May 22, 2017, respondent filed a response to petitioner's motion for fees and costs. Respondent's Response. Respondent "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." Id. "Respondent's lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Id. This matter is now ripe for review.

**I.        Reasonable Attorneys' Fees and Costs**

   **a. Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1347-48 (internal quotations omitted). In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate unless the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. Id. at 1348-49 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434

---

[3] Petitioner's Motion requests "legal fees (attorney/ paralegal) of $7,525.35" and "case expenses in the amount of $648.28," for a "total of $8,212.13." Petitioner's Motion at 2-3. This math is slightly incorrect. This decision provides the correct total.

(1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.

Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### i. Hourly Rates

Petitioner's counsel Nicholas Bunch requests hourly rates of $385 in 2015, $395 in 2016, and $405 in 2017.  Petitioner's Motion at 2.  The motion provides "[t]hese hourly rates are consistent with the Attorneys' Forum Hourly Rate Fee Schedule promulgated by the Office of Special Masters."  Id.  Mr. Bunch "has been in practice since 1980 and has appeared in approximately 15 – 20 vaccine cases since 1990."  Id.

Mr. Bunch is requesting an increase from the rate he has previously been awarded.  See, e.g., Harrison v. Sec'y of Health & Human Servs., No. 13-831V, 2016 WL 7785858 (Fed. Cl. Spec. Mstr. Dec. 7, 2016) (awarding Mr. Bunch's requested hourly rate of $335.00 for work performed from 2013 – 2016); Pullens v. Sec'y of Health & Human Servs., No. 13-173V, 2016 WL 5092914 (Fed. Cl. Spec. Mstr. Aug. 23, 2016) (awarding same requested rate for 2014 – 2016). Mr. Bunch's request is based on an indirect claim that he is entitled to forum rates.  He does not provide any support for this claim.  However, Mr. Bunch is located in Cincinnati, OH.  I recently determined that another attorney in the Cincinnati, OH metropolitan area was entitled to forum rates, based on my determination that the local rate there was not "significantly different" from the forum rate.  Jones v. Sec'y of Health & Human Servs., No. 13-279V, 2016 WL 7233938 (Fed. Cl. Spec. Mstr. Nov. 18, 2016).  I similarly find that Mr. Bunch is entitled to forum rates.

Mr. Bunch is correct that his requested rates are within the permissible range for an attorney with his level of experience, under the Office of Special Masters' fee schedule for these years. United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914; see also McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016). The rates are also reasonable based on his specific experience in the Vaccine Program, the quality of his work, and his generally positive reputation.  Therefore, I award Mr. Bunch's requested hourly rates of $385 in 2015, $395 in 2016, and $405 in 2017.

The motion for attorneys' fees and costs also requests that work by Mr. Bunch's paralegal be compensated at an hourly rate of $100.00. Petition's Motion at 2. This rate is reasonable and shall not be adjusted.

### ii. Hours Expended

Petitioner requests compensation for 18.33 hours entered by Mr. Bunch and 3.5 hours entered by his paralegal. Petitioner's Motion at 2-3. Petitioner submitted an adequate billing log, which provides the date of service, increment of time, billing rate, and nature of each task performed. Petitioner's Motion, Exhibit A. Based on my review of these materials and the lack of specific objection from respondent, I award these hours in full.

### b. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $648.28 in attorneys' costs associated with filing petitioner's claim, obtaining medical records, shipping, postage, and photocopying. Petitioner's Motion at 2; Petitioner's Motion - Exhibit 3 at 1, 4-5.

Petitioner also requests to be personally reimbursed for $2,938.73 in costs. Petitioner's General Order #9 Statement. These costs are for establishing a guardianship for A.M. and for obtaining medical records. Petitioner's Motion – Exhibit 3 at 1-3. Based on my review and the lack of specific objection from respondent, I find that the attorneys' costs and petitioner's costs are reasonable and need no adjustment.

## II.   Conclusion

Accordingly, I award the following:

1) **A lump sum in the amount of $8,173.63, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Tracy Mollica, and petitioner's counsel, Nicholas E. Bunch of White, Getgey, and Meyer.[4]**

2) **A lump sum in the amount of $2,938.73, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Tracy Mollica.**

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charged by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.